IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL HORRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-96-JFH-GLJ |
| ) | |
| CHEROKEE COUNTY ) | |
| GOVERNMENTAL BUILDING ) | |
| AUTHORITY, JOHN DOE ) | |
| ARRESTING DEPUTY, ) | |
| DAYNA COWAN, JOHN BERRY, ) | |
| MIRANDA BOHANNON,[1] DARIN ) | |
| GRANT,[2] and WILLIAM NICHOLS, ) | |
| ) | |
| Defendants, ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' respective Motion to Dismiss [Docket No 64] and Motion for Judgment on the Pleadings [Docket No. 67]. The Court referred this case for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636. For the reasons set forth below, the undersigned Magistrate Judge recommends that the Motion to Dismiss of Defendants Bohanon, Cowan, Grant, and Nichols [Docket No. 64] and Defendant John Berry's Motion for Judgment on the Pleadings and Brief in Support [Docket No. 67] should be DENIED.

---

[1] Counsel for Defendant indicates that the correct spelling is "Bohanon." *See* Docket No. 54.
[2] Counsel for Defendant indicates that the correct spelling is "Darrin." *See* Docket No. 54.

## PROCEDURAL HISTORY & BACKGROUND

Plaintiff filed this case on March 26, 2021 [Docket Nos. 1-2], naming Jason Chennault in his official capacity as Cherokee County Sheriff, John Doe Arresting Deputy, and Does 1-5. Plaintiff later sought and was granted leave to amend, which he did on September 23, 2021 [Docket No. 15-17], naming Cherokee County Governmental Building Authority("CCGBA"), as well as John Doe Arresting Deputy and Does 1-5. On April 22, 2022, Plaintiff moved for leave to file a Second Amended Complaint, which the Court granted on October 5, 2022, over the objection of the only non-Doe Defendant, CCGBA[3] [Docket Nos. 32, 35, 45-46]. Plaintiff's Second Amended Complaint, filed on October 27, 2022, names CCGBA, John Doe Arresting Deputy, Dayna Cowan, John Berry, Miranda Bohanon, Darrin Grant, and William Nichols [Docket No. 47]. On November 15, 2022, Defendants Bohannon, Cowan, Grant, and Nichols moved to dismiss the case for failure to state a claim [Docket No. 64]. On November 30, 2022, Defendant John Berry moved for judgment on the pleadings [Docket No. 67]. The Court referred the cases to the undersigned Magistrate Judge on March 6, 2024 [Docket No. 78].

Plaintiff alleges in his Second Amended Complaint that he was arrested on a bench warrant and booked into the Cherokee County Detention Center on July 29, 2019. *See* Docket No. 47, p. 3, ¶¶ 9, 12. Plaintiff alleges that both the arresting officer and the officers at the Detention Center refused to provide him with necessary medications, including

---

[3] CCGBA objected to the amendment because Plaintiff sought to add a new claim, asserting that CCGBA was not challenging the identification of previously unidentifiable individuals. *See* Docket No. 35, p. 2.

insulin, for his type I diabetes. He alleges he was given no medications, including insulin, for over four days, sending him into a hyperglycemic crisis. *Id.*, pp. 3-5, ¶¶ 13-24. He alleges he was "emergency released" on August 1, 2024, and transferred by Cherokee County Sheriff's Office deputies to a health clinic, then to two different hospitals in search of a bed. *Id.*, ¶¶ 25-30. Plaintiff's Second Amended Complaint alleges a 42 U.S.C. § 1983 action pursuant to the Fourteenth Amendment, and raises three causes of action: (1) deliberate indifference to serious medical needs as to the arresting officer; (2) deliberate indifference to a serious medical need as to Defendants Cowan, Berry, Bohanon, Grant, and Nichols; and (3) municipal liability as to CCGBA. The individual Defendants have all moved to have the claims against them dismissed. *See* Docket Nos. 64, 67.

## LEGAL STANDARDS

Defendant John Berry filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), while Defendants Bohanon, Cowan, Grant, and Nichols have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket Nos. 67-68. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(b)(6) motion to dismiss "must be asserted in the responsive pleading if one is required" and "must be made before pleading if a responsive pleading is allowed." However, the two motions are evaluated under the same standard. *See, e. g., Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) ("We use the same standard when evaluating 12(b)(6) and 12(c) motions.") (citing *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160 (10th Cir.

2000) ("A motion for judgment on the pleading under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a

cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678 (quotations omitted).

## ANALYSIS

Defendants Bohanon, Cowan, Grant, Nichols, and Berry all contend that the statute of limitations has run and that Plaintiff's claims are therefore barred against them. In support, they note that the statute of limitations expired over a year before they were properly named in the Second Amended Complaint and that the claims do not relate back as there is no evidence the individual Defendants were on notice within 90 days of the initial Complaint being filed. Plaintiff asserts that his claims are not barred by the statute of limitations because they relate back to the First Amended Complaint or alternatively, that fact issues preclude a determination at this stage of the litigation.

Plaintiff appears to assert that the Court previously found that the amendments as to the five individuals relate back in its Order granting him leave to file a Second Amended Complaint [Docket No. 45]. There, Plaintiff sought leave to amend his First Amended Complaint by providing additional allegations as to CCGBA and to add five individual Defendants. Docket No. 32. Defendant CCGBA, the only named party at the time, opposed the motion. CCGBA stated that it would not have opposed the motion if Plaintiff only sought to name previously unnamed individuals, but he also brought new allegations and a new basis for liability, which CCGBA asserted was futile as outside the statute of limitations. *See* Docket No. 35. The Court granted Plaintiff leave to file a Second Amended Complaint over CCGBA's objection, noting CCGBA did not object to the additional parties and the motion to amend had been filed in accordance with the Court's

Scheduling Order. The Court found that Plaintiff did not add a new claim as to CCGBA, but specific facts, and even if it was a new claim, it arose out of the conduct, transaction, or occurrence identified in the original pleading and therefore properly related back. *See* Docket No. 45. As CCGBA did not object to the additional named parties, the Court granted that portion of the motion without further discussion. While Plaintiff argues the Court therefore "got it right the first time" when allowing him to file the Second Amended Complaint, the undersigned Magistrate Judge finds that, at the time, the Court did not squarely address whether the statute of limitations applies to the five named individuals who were only identified as "John Doe" defendants until after the statute of limitations expired. In this instance, a co-Defendant's failure to object to the naming of previously-unnamed "Doe" Defendants does not extinguish the "Doe" Defendants' right to object when they are properly identified and brought into the case.

Calculating the Statute of Limitations. "The statute of limitations is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)). The limitations period for personal injury actions under Oklahoma law is two years, *see* Okla. Stat. tit. 12, § 95(A)(3), making Plaintiff's § 1983 claims subject to the same two-year statute of limitations. "Federal law, however, determines the date on which the claim accrues and the limitations period starts to run." *Mondragon*, 519 F.3d at 1082 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Claims under 42 U.S.C. § 1983 assert a violation of a federal right. Such claims accrue when a plaintiff knows or should know his rights have been violated." *Perry v. Geo Group, Inc.*, 2009 WL 3698473, at *7 (W.D.

Okla. Nov. 4, 2009) (citing *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 & n.4 (10th Cir. 2004)). A civil rights action accrues "when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (quotation omitted). Additionally, "[u]nder this rule, when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act." *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). Plaintiff also notes that this case, like many others, has been affected by the COVID pandemic. Three Oklahoma Supreme Court Emergency Orders[4] in 2020 tolled all deadlines, including statutes of limitations, for a total of 61 days. Giving Plaintiff the benefit of this tolling, here the statute of limitations is thus two years and 61 days. Also pertinent here, "naming a John Doe defendant in the caption of a complaint does not toll the statute of limitations." *Pan v. Bane*, 141 P.3d 555, 564 (Okla. 2006) (*citing Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984)).

Plaintiff alleges he was originally deprived of his medications on July 29, 2019, so the two-year statute of limitations would ordinarily have run on July 29, 2021. Accounting for the additional tolling allowed due to the COVID-19 pandemic, the new statute of limitations deadline is Monday, September 30, 2021 as the two years, 61-day cutoff would fall on Saturday, September 28, 2019, and Fed. R. Civ. P. 6(a)(1)(C) states, "if the last day

---

[4] First Emergency Joint Order Regarding the COVID-19 State of Disaster, SCAD 2020-24 (Okla. 2020), 2020 OK 25, 462 P.3d 704; Second Emergency Joint Order Regarding the COVID-19 State of Disaster, SCAD No. 2020-29, 2020 OK 24, 462 P.3d 262; Third Emergency Joint Order Regarding the COVID-19 State of Disaster, SCAD No. 2020-36 (Okla. 2020), 2020 OK 23, 462 P.3d 703.

is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *See, e. g.*, *Lewis v. McKinley County Bd. of County Commissioners*, 425 Fed. Appx. 723, 729 (10th Cir. 2011) ("The deadline fell on a Sunday, however, so Ms. Lewis had until Monday, November 29, 2010, to file her complaint."); *Williams v. Aragon*, 2014 WL 4854979, at *9 (D. Colo. Sept. 29, 2014) ("Because August 31, and September 1, 2013 fell on a Saturday and Sunday, respectively, and September 2, 2013 was a legal holiday (Labor Day), Plaintiff's Complaint was timely filed on September 3, 2013."); *Gentry v. Steele*, 2002 WL 35650020, at *2 (D. N.M. April 4, 2002) ("The Court takes judicial notice that February 4, 2001 fell on a Sunday, however. Therefore, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, Plaintiff had until Monday the 5th to file."). Plaintiff identified to the Court for the first time the five named Defendants on April 25, 2022, having previously only named "John Doe" defendants, when he requested leave to file the Second Amended Complaint. *See* Docket No. 32. The Motion was granted October 5, 2022, and the Second Amended Complaint was filed the same day. *See* Docket Nos. 45, 47. As all of these dates are outside the statute of limitations—September 30, 2021—the question becomes whether the Second Amended Complaint sufficiently relates back *as to these five Defendants*. "[A]ll requirements of Rule 15(c)(1)(C) must be met for Plaintiff's proposed amended pleading to relate back to the original Complaint." *Chrisman v. Bd. of Cnty. Commissioners of Oklahoma Cnty.*, 2019 WL 13133362, at *4 (W.D. Okla. Sept. 17, 2019) (citing *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (*citing Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1226-1227 (10th Cir. 1991)).

Relation Back. Under Fed. R. Civ. P. 15(c)(1)(C),

> An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[5] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Courts have distilled this rule into three essential elements: (i) "the claim asserted against the newly-designated defendant . . . must arise out of the conduct, transaction, or occurrence set out[] in the original pleading"; (ii) "within the period provided by [Fed. R. Civ. P.] 4(m) . . . the party to be brought in by amendment must have received such notice of the action that it will not be prejudiced in defending on the merits"; and (iii) "it must appear that within the same time frame the newly-designated defendant either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Coons v Industrial Knife Co.*, 620 F.3d 38, 42 (1st Cir. 2010) (quotation omitted) (cited favorably in *Thompson v. Dolgencorp, LLC*, 304 F.R.D. 641, 643-644 (E.D. Okla. Jan. 26, 2015) ("The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake,

---

[5] "[T]he amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).

would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.") (quotation omitted)).

Defendants do not dispute that the conduct arises out of the same transaction or occurrence, meeting the first element, but instead argue that there is no evidence to support the other two elements. Plaintiff contends he has sufficiently pleaded that Defendants knew or should have known prior to the expiration of the limitations period, because his original Complaint and First Amended Complaint (both filed prior to September 20, 2021) make multiple references to specific actions taken by "DOE" staff and the arresting officer. He asserts they therefore had at least constructive notice of the claims. "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. at 538, 541 (2010). The proper inquiry in this case, therefore, is what Defendants Bohanon, Cowan, Grant, Nichols, and Berry knew or should have known within the Rule 4(m) time period. *Id.* 560 U.S. at 548 ("The question under Rule (c)(1)(C)(ii) is . . . whether [Defendant] knew or should have known that it would have been named as a defendant but for an error.").

However, the question of these Defendants' knowledge is not generally apparent at the dismissal stage. Plaintiff contends that the question of whether these individual Defendants were on notice is more properly addressed at summary judgment. *See Dolgencorp*, 304 F.R.D. at 644 ("Inasmuch as the Supreme Court has placed the focus of inquiry on the new defendant's knowledge, a Rule 12(b)(6) motion may no longer be the

proper vehicle for resolution of this issue. The court finds it is not in the case at bar. As the district court stated in *Gonzales v. Brown*, 2014 WL 4748604, at *8 (N.D. Okla. 2014), '[a]t this time, the Court concludes that the statute of limitations/relation back issues should be determined at the summary judgment stage, upon a relevant evidentiary record, rather than upon speculation as to what notice the Added Defendants had of the action and what they knew or should have known.' This court will resolve those issues if and when requested upon a motion for summary judgment after an appropriate discovery period."). The undersigned Magistrate Judge agrees that the dismissal stage is inappropriate where, as here, evidence is required to determine what each individually-named Defendant knew or should have known at the relevant time. *See, e.g.*, *Romero v. Weld Cnty. Sheriff's Off.*, 2021 WL 11684269, at *4 (D. Colo. Mar. 12, 2021) ("I find that this issue should not be decided on a Rule 12(b)(6) motion. . . . In [*Krupski*], the Supreme Court held the focus of the relation back inquiry to be 'what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading.'") (citing *Krupski*, 560 U.S. at 541); *Cardenas v. Ever Fresh Farms Transportation, Inc.*, 2023 WL 7224170, at *4 (N.D. Okla. Nov. 2, 2023) ("The issue of relation back should be determined 'upon a relevant evidentiary record, rather than upon speculation as to what notice [Michigan Express Line, Inc.] had of the action and what [it] knew or should have known.'") (quoting *Gonzales*, 2014 WL 4748604, at *8).

Doe Defendants Generally and Relation Back. In 2004, the Tenth Circuit held, under a previous version of Rule 15(c), "that a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within

the meaning of" the Rule. *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (quoting Fed. R. Civ. P. 15(c)(3) (1993 version)). The Court therefore denied leave to amend where Plaintiff's substitution of named defendants for original unknown "John Doe" defendants "amounted to adding a new party." *Id.* Plaintiff contends that *Garrett* has been abrogated and they may add new parties. The Supreme Court in *Krupski* stated, "Rule 15(c)(1)(C) speaks generally of an amendment to a 'pleading' that changes 'the party against whom a claim is asserted,' and it therefore is not limited to the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant[,]" although that is the "typical case." 560 U.S. at 548 n.3. Furthermore, this Court has since noted, "Rule 15(c)(1)(C) *does* contemplate the addition of entirely new defendants." *Martin v. United Foodservice Equip. Ltd.*, 2015 WL 5737784, at *2 (E.D. Okla. Sept. 30, 2015).

Since *Krupski*, the Tenth Circuit has not revisited *Garrett* as to the application of *Krupski* in relation to anonymous Defendants. However, most district courts in this Circuit have held that *Garrett* still applies to claims against anonymous Defendants. *See Livingston v. Unified Gov't of Wyandotte Cnty.*, 2023 WL 7221078, at *4 (D. Kan. Nov. 2, 2023) ("[I]f a plaintiff attempts to add or replace John Doe defendants, the plaintiff cannot rely on 'mistake' as a vehicle to relate back to the original pleadings."); *Cardenas*, 2023 WL 7224170, at *3 (Where "plaintiff sought to substitute an unidentified/unnamed defendant with a named individual[, s]uch substitution essentially adds new parties to the action, in contrast to correcting a mere mistake concerning the proper party's identity pursuant to Rule 15(c)(1)(C)(ii)."); *George on Behalf of Est. of Bradshaw v. Beaver Cnty. by & Through Beaver Cnty. Bd. of Commissioners*, 2019 WL 181354, at *2 (D. Utah Jan.

11, 2019) ("The Tenth Circuit has not revisited *Garrett*'s holding after *Krupski*. However, those circuit courts that have addressed the 'John Doe rule' post-*Krupski* continue to hold that lack of knowledge regarding the identity of a defendant is not a mistake under Rule 15(c). Additionally, district courts within the Tenth Circuit continue to recognize the viability of *Garrett* even after *Krupski*.") (collecting cases); *Orwig v. Brooks*, 2018 WL 1905144, at *6 (D. Colo. Apr. 23, 2018) ("*Garrett* remains good law that a plaintiff cannot avoid the statute of limitations when he pleads claims against anonymous defendants and later seeks to identify them by name."); *Estate of Roemer v. Shoaga*, 2017 WL 1190558, at *7 (D. Colo. Mar. 31, 2017) ("This is not to say that the holding of *Garrett* that a plaintiff cannot avoid the statute of limitations by naming 'Doe' defendants is no longer good law. Other judges in this district have recognized that '*Krupski* does not appear to have rendered *Garrett* obsolete.'") (quoting *Trujillo v. City & Cty. of Denver*, 2016 WL 5791208, at *9 (D. Colo. Sept. 7, 2016) (citing *Martinez v. Gabriel,* 2012 WL 1719767, at *2 (D. Colo. May 15, 2012) ("Filing a complaint against nameless defendants is not a mechanism by which the plaintiff receives extra time to discover the John Doe identities. Even after *Krupski,* Plaintiff's amended complaint does not relate back to her original complaint because her original complaint did not contain a "mistake."); *Butchard v. Cnty. of Doña*, 287 F.R.D. 666, 670 (D.N.M. 2012) ("[S]hould Plaintiffs identify any of the Does at a later date, they could not substitute in the named individual, since the Rule 15(c) relation back doctrine does not apply to Does.") (citing *Garrett*, 362 F.3d at 696).

Furthermore, a number of Circuit courts have held since *Krupski* that naming "Doe" defendants does not constitute a mistake even as defined in *Krupski*. *Smith v. City of Akron,*

476 Fed. Appx. 67, 69, 2012 WL 1139003, at *2 (6th Cir. 2012) (unpublished) ("Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem."); *Herrera v. Cleveland*, 8 F.4th 493, 498-499 (7th Cir. 2021) ("For three reasons, we hold that naming a John Doe defendant does not constitute a "mistake" within the meaning of Rule 15(c)(1)(C)(ii): [(1)] naming a defendant as John Doe in the complaint is not based on an error, misconception, misunderstanding, or erroneous belief. . . . [(2)] a John Doe case and *Krupski* are different in kind. . . . Put differently, the plaintiff in *Krupski* did *not* know what she did not know; Herrera *did* know what he did not know. . . . and [(3)] the definition of 'mistake' under Rule 15(c)(1)(C)(ii) does not extend to a John Doe scenario.") (citing, *inter alia*, *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (observing that *Krupski* did not abrogate or reconfigure the Circuit's previous decision in which it held "an amendment to replace a John Doe defendant is made 'not to correct a mistake but to correct a lack of knowledge' and is therefore not a mistake under Rule 15(c)(1)(C).") (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995); *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) (affirming a grant of summary judgment on statute of limitations grounds because "[f]ailing to identify individual defendants cannot be characterized as a mistake."); *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 579 (8th Cir. 2017) ("We conclude that naming a John Doe defendant is not a 'mistake'").

The cases cited by Plaintiff to refute these holdings appear to be either superseded or distinguishable. *Herrera*, decided in 2021 and cited above, supersedes the earlier Northern District of Illinois cases cited by Plaintiff in his Response Brief to Defendant Berry's Motion for Judgment on the Pleadings. *See* Docket No. 69, pp. 5-6, n. 3. Additionally, the Northern District of Iowa case cited by Plaintiff is distinguishable because there the Court had evidence before it that the Doe Defendant had notice of the claims within the statute of limitations because he was a both a Doctor and an official with the medical foundation that had been timely named. *See Scadden v. Northwest Iowa Hosp. Corp.*, Case No. C06-4070-PAZ (N.D. Iowa June 25, 2010) (Docket Nos. 104, Ex. 2, p. 4 & 110, pp. 5).

It may be unlikely Plaintiff will be able to provide sufficient evidence "first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Dolgencorp*, 304 F.R.D. at 644. However, because the law is clear that relation back issues are better resolved at the summary judgment stage, discussed *supra*, the undersigned Magistrate Judge nevertheless recommends that Defendants' motions be denied at this stage of the proceedings. *Steele v. Fisher*, 2019 WL 1413757, at *3 (W.D. Okla. Mar. 28, 2019) ("Substitution of named defendants for unknown 'John Doe' defendants amounts to adding new parties. Thus, all requirements of Rule 15(c)(1)(C) must be met in order for

Plaintiff's amended pleading to relate back to the date of the original.") (citing, *inter alia*, *Garrett*, 362 F.3d at 696).

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that the Motion to Dismiss of Defendants Bohanon, Cowan, Grant, and Nichols [Docket No. 64] and Defendant John Berry's Motion for Judgment on the Pleadings and Brief in Support [Docket No. 67] should be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 2nd day of April, 2024.

_____
**GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**