IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL HORRELL, | |
|            Plaintiff, | |
| v. | Case No. 21-CV-96-JFH-GLJ |
| CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY, JOHN DOE ARRESTING DEPUTY, DAYNA COWAN, JOHN BERRY, MIRANDA BOHANNON, DARIN GRANT, and WILLIAM NICHOLS, | |
|            Defendant. | |

**ORDER**

Before the Court is Magistrate Judge Gerald Jackson's Report and Recommendation [Dkt. No. 82] on the Motion to Dismiss of Defendants Bohanon, Cowan, Grant, and Nichols [Dkt. No. 64] and Defendant John Berry's Motion for Judgment on the Pleadings and Brief in Support [Dkt. No. 67]. Magistrate Judge Jackson recommended the Motions be denied. Dkt. No. 82. Defendants Bohanon, Cowan, Grant, and Nichols timely objected [Dkt. No. 86]. Defendant John Berry also timely objected [Dkt. No. 87].

**STANDARD OF REVIEW**

District courts may refer pretrial dispositive claim or defense to a Magistrate Judge for a recommended disposition. Fed. R. Civ. P. 72 (b) (1). The district court must conduct a de novo review of the magistrate judge's report and recommendation if a party objects to the magistrate's findings. 28 U.S.C. § 636(b)(1); *Northington* v. *Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely

1

review the magistrate's report and recommendations.") The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *Id*.

**PROCEDURAL AND FACTUAL BACKGROUND**

The present case arises out of the arrest and detention of Plaintiff, Michael Horrell on July 29, 2019. Plaintiff alleges that he was detained in the Cherokee County Detention center where the Detention Center employees and Cherokee County Sheriff's Deputies refused to provide him with necessary medications such as insulin for over four days, resulting in a hyperglycemic crisis. Dkt. No. 47 at pp. 3-5. Plaintiff's Second Amended Complaint alleges three causes of action pursuant to 42 U.S.C. § 1983: (1) deliberate indifference to serious medical needs as to the arresting officer; (2) deliberate indifference to a serious medical need as to Defendants Cowan, Berry, Bohanon, Grant, Nichols; and (3) municipal liability as to the Cherokee County Governmental Building Authority. Dkts. No. 64 & 67. This suit was initially filed March 26, 2021. Plaintiff first identified the five named defendants on April 25, 2022, after initially naming these individuals as "Doe Defendants". Defendants Bohanon, Cowan, Grant, and Nichols moved to dismiss the Second Amended complaint because the statute of limitations had run and the amended pleading does not relate back to the initial timely filing. Dkt. No. 64 at 7. Defendant John Berry similarly filed a Motion for Judgment on the Pleadings and Brief in Support asserting the same arguments as the other Defendants. Dkt. No. 67 at 1.

No party in this case is contesting whether the claims against the added defendants arose out of the same transaction or occurrence. Instead, the Defendants argue that the Second Amended Petition does not relate back because the Plaintiff could not show that the individual Defendants

knew or should have known that the action should have been brought against them but for a mistake concerning their identity. Dkt. No. 82 10-11. The Magistrate Judge analyzed whether the claim related back and whether naming a Doe defendant constituted a mistake for the purposes of relation back under Fed. R. Civ. P. 15 (c) and ultimately determined that: "[i]t may be unlikely Plaintiff will be able to provide sufficient evidence 'first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.'" Dkt. No. 82 at 15 citing *Thompson* v. *Dolgencorp*, LLC, 304 F.R.D. 641, 643-644 (E.D. Okla. Jan 26, 2015). However, the Magistrate found that the Defendants' Motions should still be denied because "the law is clear that relation back issues are better resolved at the summary judgment stage". Dkt. No. 82 at 11-15.

## DEFENDANTS OBJECTIONS

Defendants argue that the Magistrate Judge "skipped a step" in analyzing whether the Plaintiff's amendment relates back. Dkt. No. 86 at 2. They argue that a court should only analyze Rule 15(c) when it is first established that there was some mistake concerning the proper identities of the parties.[1] Dkt. No. 86 and Dkt. No. 87. Thus, the Magistrate's analysis of whether there was evidence that the Defendants had constructive knowledge that the claim should have been brought against them was premature, and further, the conclusion that the issue of relation back should not be determined at the pleadings stage is in error. The Defendants cite to *Garrett* v. *Fleming*, where

---

[1] Defendants Bohanon, Cowan, Grant, and Nichols filed an objection fully articulating the arguments raised in objection to the Report and Recommendation [Dkt. No. 86] and Defendant John Berry filed an objection adopting and incorporating the same arguments raised by the other four Defendants [ Dkt. No. 87].

the Tenth Circuit held that a lack of knowledge is not a mistake within the meaning of Rule 15 (c). 362 F. 3d. 692, 696 (10th Cir. 2004). Because lack of knowledge is not a mistake within the meaning of Rule 15 (c), Defendants argue that the Plaintiff has not demonstrated any mistake in identifying the identities of the parties, and therefore, the claim cannot relate back and the Court should not wait for summary judgment to dismiss these Defendants.

## ANALYSIS

The Supreme Court has held that Rule 15(c)(1)(C) applies to "the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant". *Krupski* v. *Costa Crociere S.p.A.*, 560 U.S. 538, 548 n. 3, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). In *Krupski*, the Supreme Court emphasized that focus of the relation back inquiry should be on the evidentiary record and "what the party to be added knew or should have known". *Id* at 541. The Court endorsed the Seventh Circuit's view that:

> The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph* v. *Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir.2011). The Defendants Objection and Motion to Dismiss [Dkt. No. 64 at 4] are largely based on the Tenth Circuit's pre-*Krupski* holding in *Garret*. In *Garret*, the Tenth Circuit held, under a previous version of Rule 15 that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of proper party" for the purposes of relation back. *Garret* v. *Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (quoting Fed. R. Civ. P. 15 (c) (3) (1993 version)). The Plaintiff argues that *Krupski* abrogates *Garret*, but the Tenth Circuit has not spoken on this

4

issue.  Dkt. No. 66 at 4.  Furthermore, as the Magistrate Judge discussed [Dkt. No. 82 at 11-14], many district courts continue to apply the rule in *Garret* to doe defendants and several other circuit courts have stated that it is not abrogated by *Krupski*.  Nevertheless, based on the Supreme Court's emphasis on the importance of what the defendant knew or should not have known, we agree that the issue of relation back is better answered at the summary judgment stage upon the development of a factual record.  *Thompson* v. *Dolgencorp, LLC*, 304 F.R.D. 641, 642 (E.D. Okla. 2015).

After a de novo review, the Court determines that the Report and Recommendation [Dkt. No. 82] is well supported by the prevailing legal authority.  As the Magistrate Judge advised, the issue of relation back is better resolved on summary judgment.  The objections [Dkt. No. 86 and Dkt. No. 87] are OVERRULED and the Report and Recommendation [Dkt. No. 82] is hereby affirmed and adopted as this Court's Findings and Order.

IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss [Dkt. No. 64] and Defendant John Berry's Motion for Judgment on the Pleadings and Brief in Support [Dkt. No. 67] are DENIED.

Dated this 30th day of September 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE